[No. 1499.]

## ANNANIAS FAULKNER *v.* THE STATE.

1. THEFT—EVIDENCE.—POSSESSION OF RECENTLY STOLEN PROPERTY, unexplained, is not of itself enough to relieve criminative evidence, if that be all, of its circumstantial character. The position that such unexplained possession is positive, and not presumptive, proof cannot be maintained.

2. SAME—CIRCUMSTANTIAL EVIDENCE—CHARGE OF THE COURT.—When the State relies solely upon circumstantial evidence to secure a conviction, it becomes the duty of the trial court to give in charge the principles of law governing such evidence. Note a trial for theft wherein, the inculpatory evidence being purely circumstantial, the court should have submitted a charge appropriate thereto.

3. SAME—CASE STATED.—In a prosecution for horse theft the State relied mainly upon the defendant's possession of the recently stolen animal. The defendant, under such circumstances, was entitled to show that he purchased the animal from some one who had the possession before he did, but subsequent to the theft. Such a defense, whether the purchase was in good or bad faith, was sufficient to explain possession, and was a competent defense to a charge of theft of the animal. Held, that the court below should have announced this principle in the charge to the jury.

APPEAL from the District Court of Burleson. Tried below before the Hon. I. B. McFarland.

The conviction in this case was for the theft of a horse, the property of D. W. Downing. The penalty awarded was a term of ten years in the penitentiary.

The opinion discloses the evidence.

The questions involved in the opinion are among those raised in the motion for new trial.

No brief for appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for the theft of a horse, the property of D. W. Downing. But two questions are presented:

1. Is this a case of circumstantial evidence? If so, the court erred in failing to charge the law applicable to this character of case.

2. Did the court err in not charging the law relevant to the the theory of the defense, to-wit, that defendant purchased the horse from one Thomas Littleton?

The horse was taken by some person from the stable of D. W. Downing, the owner, on the sixteenth day of March, 1883. About four years before this, Downing purchased the horse from one Murray, the brother-in-law of defendant. Defendant broke the animal, and had seen him frequently in Downing's posses-

sion, living within five or six miles of Downing. In May of the same year defendant sold the horse to Bud McMillan, who lived in Houston county, about one hundred and fifty miles from the place of taking. This trade took place at McMillan's, in Houston county. The horse was thoroughly identified as the property of Downing.

The above is the substance of the evidence for the State.

Question: Is this a case depending alone upon circumstances for a conviction? Most evidently it is. It has been thought by some that possession of property recently after the theft, unexplained, relieved the case of its circumstantial character; or, in other words, that such possession was not presumptive proof, but positive. To this we cannot agree. From such possession, the inference or presumption is made that the party in possession was the taker. We are not discussing what constitutes a principal. Now if A sees B take the horse, this is positive evidence of the taking; but if A sees B in possession of the horse recently after the taking, and B fails to explain, he being called upon circumstantially or directly to make an explanation, this is a circumstance from which the deduction, inference, presumption, may be made that B was the taker. We are not discussing the sufficiency of such evidence; this depends upon all the facts in the case.

We are of the opinion that the evidence upon which the appellant was convicted is purely circumstantial; and that, therefore, the trial judge should have charged the jury the law applicable to such a case. This defect in the charge was called to the attention of the court below in the motion for a new trial.

Defendant proved by his wife that he purchased a horse filling the description of the one charged to have been stolen, on Friday night about the middle of March, 1883, of one Thomas Littleton. This trade took place at Julia Rains's, within about six or seven miles of Downing's, in the presence of F. Martin and Julia Rains.

This conviction was obtained mainly upon the possession of defendant recently after the theft. To meet this he had the right to show that some one else was in possession of the horse after the theft, but prior to his possession. His wife's testimony certainly tended to do this. Nor does it matter, he being charged with theft only, whether his purchase from Littleton was in good or bad faith, if by this purchase he obtained possession of the horse. This would be a full and complete ex-

planation of his possession, from which the presumption of guilt of the taking was made by the State.

We are of the opinion that it was the duty of the court, by proper instructions, to have submitted to the jury these principles of law, and in failing to do so an error was committed. This defect in the charge was also called to the attention of the court in the motion for new trial.

Believing that the above specified defects in the charge of the court were calculated to injure the rights of the defendant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*